### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Smith, | Case No. 17-cv-1862 (JRT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Golden China of Red Wing, Inc. et al, | |
| Defendants. | |

Padraigin Browne, Browne Law LLC, 8530 Eagle Point Blvd, Suite 100, Lake Elmo, MN 55042, for Plaintiff

Edward Peter Sheu, Best & Flanagan LLP, 60 South 6th Street, Suite 2700, Minneapolis, MN 55402, for Defendants

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant Golden China of Red Wing's ("Golden China") Motion to Dismiss [Doc. No. 46]. The motion was referred to the undersigned by the Honorable John R. Tunheim, Chief United States District Judge, in an Order of Referral dated January 9, 2018 [Doc. No. 59]. For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part.

## I.    Background

Scott Smith filed a complaint against Golden China on June 2, 2017 [Doc. No. 1] alleging that Golden China unlawfully discriminated against him in violation of § 302(b)(1) of Title III of the Americans with Disabilities Act ("ADA") by providing

neither accessible parking spaces nor an accessible route into the building.  (Compl. ¶¶ 30–34.)  Smith asserted in particular that only one of the 75 parking spaces at the Golden China restaurant was reserved for patrons with disabilities. (Compl. ¶¶ 13-14.)  That single reserved parking space, however, allegedly did not comply with the ADA requirements because the signage was posted lower than 60 inches above the ground, the parking space was not marked to define its width, and the space lacked an adjacent access aisle.  (Compl. ¶ 24.)  Smith additionally asserted the ramp in the Golden China parking lot did not comply with the ADA Accessibility Guidelines because its slope was too steep and its landing was too small.  (*Id.*)  Lastly, Smith alleged the Golden China parking space reserved for patrons with disabilities was not located on an accessible route into the restaurant in violation of ADA Accessibility Guideline 206.2.1. (*Id.*)

On October 12, 2017, Golden China moved to dismiss the suit under Rule 12(b)(1), asserting its remedial efforts had mooted Smith's claims regarding ADA violations on its premises. (First Mot. Dismiss [Doc. No. 14].)  On October 31, 2017, after having obtained leave from the Court, Smith amended his complaint to incorporate new measurements taken during a second site inspection, in an effort to rebut Golden China's claim that it had remediated the alleged architectural barriers in the parking lot. (Am. Compl. [Doc. No. 42].)  Smith also added claims alleging violation of the Minnesota Human Rights Act ("MHRA") premised on the same underlying architectural barriers which provided the basis for the ADA claims.  (Am. Compl. ¶¶ 44-53.)  On November 17, 2017, Golden China withdrew its initial motion to dismiss and filed a new

motion directed to the amended complaint, seeking to dismiss the case under Rule 12(b)(1) and Rule 12(b)(6).  (Second Mot. Dismiss [Doc. No. 46].)

## II.    Defendant's Motion to Dismiss

Golden China argues that Smith's amended complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Smith's claims have been mooted by remedial efforts undertaken by Golden China, and also because Smith lacks standing to sue for barriers he never actually encountered.  (Def.'s Mem. Supp. Second Mot. Dismiss at 2 [Doc. No. 49].)   In addition, Golden China argues that Smith's amended complaint should be dismissed under Rule 12(b)(6) because, in certain portions of the pleadings, Smith purportedly recites elements of an ADA claim instead of alleging facts that would warrant relief.  (*Id.* at 2-3.)  Golden China asserts that Smith additionally fails to state a claim upon which relief may be granted because the amended complaint does not specify what readily-achievable remedies, if any, could be undertaken to cure the alleged architectural barriers.  Lastly, Golden China asserts that Smith's MHRA claims should be dismissed because his amended complaint improperly adds an MHRA claim in violation of Minn. Stat. § 363A.331, subd. 2(a)-(b), which requires plaintiffs to give defendants notice of the alleged accessibility violations on their premises before filing suit.

### A.    Standard of Review

For a court to assert subject matter jurisdiction, the suit must involve an actual case or controversy.  U.S. Const. Art. III, § 2.  An actual case or controversy occurs where the plaintiff has standing to sue, meaning she has suffered an injury-in-fact that is

3

fairly traceable to the defendant's conduct and will likely be redressed by a favorable court decision. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547-48 (2016); *Warth v. Selding*, 422 U.S. 490, 498 (1975). Under the ADA, then, a plaintiff has standing to sue when she encounters an architectural barrier which prevents him from fully and equally enjoying a place of public accommodation on account of him disability. *See Steger v. Franco,* 228 F.3d 889, 893 (8th Cir. 2000). However, if a defendant fully remediates ADA violations alleged in a complaint, the case may become moot, *i.e.* no longer an actual case or controversy. *Disability Support All. v. Geller Family Ltd. P'ship III*, 160 F. Supp. 3d 1133, 1138 (D. Minn. 2016).

Dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) is proper where an attack on the complaint reveals that there is no actual basis for jurisdiction. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 731 n.6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.)). In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). *Osborn*, 918 F.2d at 731 n.6 (internal quotations omitted). In a factual attack, the court may consider matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards. *Id.*

A motion to dismiss under Rule 12(b)(6) requires the Court to consider all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that

is plausible on its face." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss on Rule 12(b)(6) grounds, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court must accept the facts alleged in the complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Golden China asserts that this suit no longer involves an actual case or controversy for two reasons. First, Golden China asserts the alleged ADA and MHRA violations on its premises have been mooted by its significant remedial efforts, and as a result the Court is no longer able to redress Smith's alleged injury by a favorable decision. Second, Golden China argues that to the extent it technically remains out of compliance with the ADA or the MHRA, further remediation would not be readily achievable. Therefore, according to Golden China, the case should be dismissed pursuant to Rule 12(b)(1).

### 1.   Factual Attack

By this motion, Golden China asserts a "factual attack" on Smith's basis for subject-matter jurisdiction, claiming that the declarations of facility owner George Lam, certified accessibility specialist Julee Quarve-Peterson, and City of Red Wing building

official Frank Peterson prove Smith's claims have been mooted.  When presented with a factual challenge to subject matter jurisdiction under Rule 12(b)(1), the court may consider facts outside the pleadings.  *Branson Label*, 793 F.3d at 914-15 (quoting *Menchaca*, 613 F.2d at 511).  Because the Court's task in a "factual attack" is to test the factual basis for subject matter jurisdiction, the Court need not accept as true the facts asserted in the complaint that form the basis for subject-matter jurisdiction.  *Osborn*, 918 F.2d at 729.  Here, Golden China points to Mr. Lam's sworn declaration detailing the remedial measures he took to ensure the parking lot was ADA compliant, including fixing the signage and striping the accessible parking spot.  (Lam Decl. ¶¶ 9-19 [Doc. No. 24].)  Golden China additionally points to the sworn declaration of accessibility expert Ms. Quarve-Peterson, in which she attests that one ADA-compliant accessible parking space has been installed in the parking lot, and one such spot is all that is required for a parking lot of its size.[1]  (Quarve-Peterson Decl. ¶¶ 5, 9-13 [Doc. No. 22].)  Ms. Quarve-Peterson additionally asserts the access ramp from the reserved parking space to the restaurant is appropriately sloped, sufficiently wide, closest to the entrance, and crosses no driveway.  (Quarve-Peterson Decl. ¶¶ 5, 9-13.)  According to Golden China, these

---

[1] Golden China asserts there are 20 parking spaces in the parking lot, and therefore only one accessible parking space is required.  (Quarve-Peterson Decl. ¶ 5.)  Smith asserts there are 75 parking spaces in the parking lot, and therefore two accessible parking spaces are required.  (Am. Compl. ¶¶ 13, 29); *see also* ADA Accessibility Guideline § 208.2.  The divergence of opinion arises out of a disagreement about whether the unmarked gravel area behind the restaurant counts as part of the parking lot.  (Quarve-Peterson Decl. ¶ 5.)  Smith asserts it does; Golden China insists it does not.  (Am. Compl. ¶ 29(e); Lam Decl. ¶¶ 4, 9.)

declarations confirm that the accessibility issues Smith alleges he encountered no longer exist and therefore his claims have been mooted.

In addition, Golden China argues the work it has done to improve the parking lot satisfies its obligations under the ADA, and thus moots the complaint, because none of the new architectural barriers alleged by Smith in the amended complaint are remediable through readily achievable means. In general, the ADA prohibits property owners from discriminating against persons with disabilities by preventing them from fully and equally enjoying their places of public accommodation. 42 U.S.C. § 12182(a). However, for structures built before January 26, 1993, that have not since been modified, a property owner is only required to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); *Wong v. Muddy Pig, Inc.*, No. CIV. 14-3334 RHK/TNL, 2015 WL 225231, at *3 n.2 (D. Minn. Jan. 16, 2015). Here, in the amended complaint, Smith asserts the parking lot is not ADA-compliant because, at various specific points, the accessible parking space, access aisle, curb ramp,[2] curb flares,[3] and wheelchair maneuvering clearance area have slopes steeper than allowed under the ADA. (Compl. ¶ 29.) Golden China does not contest that the parking lot may have relatively minor deviations from the ADA sloping standards, which it estimates call for a 1% to 2%

---

[2] A curb ramp is a "short ramp cutting through a curb . . . that provides an accessible route that people with disabilities can use to safely transition from a roadway to a curbed sidewalk and vice versa." U.S. Dep't of Justice Civil Rights Division, *Curb Ramps and Pedestrian Crossings Under Title II of the ADA*, ADA Best Practices Tool Kit, available at https://www.ada.gov/pcatoolkit/chap6toolkit.htm#fn1.

[3] Curb flares are gentle slopes on a sidewalk situated on both sides of a curb ramp which bring the curb itself to the level of the street. *Id.*

7

correction in slope.[4]  (Quarve-Peterson Decl. ¶¶ 5, 9-13.)  Rather, Golden China asserts the deviations do not amount to discrimination because the Golden China facility was constructed prior to the ADA effective date and correcting the minor slope issues is not readily achievable.[5]  (Def.'s Mem. Supp. Second Mot. Dismiss at 14-15.)  In particular, Golden China asserts that addressing the minor slope issues would require it to replace all of the concrete and asphalt from the building entrance to the parking lot—a remedy that Golden China asserts is prohibitively costly.  Therefore, because Golden China made every readily achievable alteration to the parking lot to remove architectural barriers, it argues it is in full compliance with the ADA and the allegations in the complaint have been mooted.

Smith counters that the case has not been mooted by Golden China's remedial actions because ADA violations remain on the premises.  To establish that an ADA claim has been mooted by remediation, the defendant carries the "heavy burden" to show that it is in compliance with the ADA and will remain in compliance going forward.  *Sawczyn v. BMO Harris Bank Nat. Ass'n*, 8 F. Supp. 3d 1108, 1113-14 (D. Minn. 2014); *see also,*

---

[4] Ms. Quarve-Peterson's declaration was made in response to the allegations in the initial complaint and before the amended complaint was filed; however, the contents of the declaration relate to the underlying substance of both versions of the complaint.  Therefore, Ms. Quarve-Peterson's statement that the sloping standards call for a "1% to 2% correction," (Quarve-Peterson Decl. ¶ 9), applies equally to the amended complaint as it did the initial complaint.

[5] The Golden China facility was built in 1976, prior to the ADA effective date.  (F. Peterson Decl. ¶ 4 [Doc. No. 25].)  If it has not been modified since 1993, Golden China would only be required to remediate architectural barriers if doing so would be readily achievable, *i.e.* "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C § 12181(9).  However, the record does not establish clearly whether the site has been modified since then.

*Smith v. Geneva Properties LP*, No. 16-CV-2735 (JRT/KMM), 2016 WL 7404744, at *2 (D. Minn. Nov. 29, 2016); *Hillesheim v. Buzz Salons*, LLC, No. 16-CV-2225 (MJD/TNL), 2017 WL 3172870, at *4 (D. Minn. June 19, 2017); *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 993 (D. Minn. 2016); *Stewart v. Popeye's Chicken*, No. 8:16CV484, 2017 WL 149959, at *2 (D. Neb. Jan. 13, 2017). In particular, Smith alleges Golden China failed to remediate the following ADA violations:

- Golden China has installed only one allegedly accessible parking space in the lot. (Am. Compl. ¶ 29(a)) Smith contends Golden China is required to have two accessible parking spaces, and the ultimate determination regarding how many accessible spaces are required is a fact issue for trial. (Pl.'s Mem. Opp'n Second Mot. Dismiss at 9 [Doc. No. 54].)

- The accessible parking space includes slopes that are not ADA-compliant. (Pl.'s Mem. Opp'n Second Mot. Dismiss at 9-10; Hansmeier Decl. ¶3 [Doc. No. 56].) As support, Smith notes that Golden China's own expert documented slopes that exceed 2.6 degrees, the maximum slope allowed. (Quarve-Peterson Decl. ¶ 9) (recording measurements ranging from 1.5 degrees to 3.3 degrees).

- The access aisle adjacent to the accessible parking space includes excessive slopes over its entire area ranging from 1.4 degrees to 3.7 degrees, which exceed the 1.19 degree limit. (Pl.'s Mem. Opp'n Second Mot. Dismiss at 10; Hansmeier Decl. ¶ 4.)

- The curb ramp providing access from the parking lot to the sidewalk includes excessively sloped curb flares. (Pl.'s Mem. Opp'n Second Mot. Dismiss at 10-11; Hansmeier Decl. ¶ 5.) Smith points to slope measurements ranging from 18.6 degrees to 23.9 degrees, significantly exceeding the maximum allowable slope of 5.7 degrees.

- The ramp providing access from the parking lot to the sidewalk includes cross slopes ranging from 1.8 to 2.4 degrees, which exceed the maximum allowable slope of 1.2 degrees. (Pl.'s Mem. Opp'n Second Mot. Dismiss at 11; Hansmeier Decl. ¶ 6.) Additionally, the same ramp features a running slope of 5.1 degrees, which exceeds the maximum allowable running slope of 4.8 degrees. (*Id.*)

- The entrance to Golden China does not have an adequately sized maneuvering clearance area, and also includes a slope of 2.5 degrees, which exceeds the

maximum allowable slope of 1.2 degrees.    (Pl.'s Mem. Opp'n Second Mot. Dismiss at 11-12; Hansmeier Decl. ¶ 6.)

In support of the alleged violations, Smith submits a sworn declaration from Peter Hansmeier, which includes photographic exhibits depicting the measurements taken in the parking lot. (Pl.'s Ex. A-H [Doc. No. 56].)   Because there is significant evidence indicating that Golden China remains out of compliance with the ADA, Smith asserts that dismissal on Rule 12(b)(1) grounds is inappropriate.

As to Golden China's argument that remediation of any remaining noncompliance is not readily achievable, Smith responds that the achievability of the modifications prayed for in the complaint is not relevant to mootness.  He argues that a plaintiff in an ADA case is not required at the motion to dismiss stage to demonstrate that remediating architectural barriers is readily achievable, because that issue is an affirmative defense and not a requisite element of the cause of action. *See Muddy Pig*, 2015 WL 225231, at *3; *see also, Wright v. RL Liquor*, No. 8:15CV271, 2016 WL 10636368, at *7 (D. Neb. Dec. 30, 2016).  Since a plaintiff is not required to plead around an affirmative defense in his complaint, affirmative defenses are not assessed at the motion to dismiss stage. *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 601 n. 10 (8th Cir.2009).  Thus, Smith argues, dismissing the suit at this stage based on an argument that compliance is not readily achievable issue would be procedurally incorrect, and would improperly add an element to the ADA private right of action.

After careful consideration of the arguments and the record as a whole, the Court concludes that Golden China has not met its heavy burden to show that Smith's ADA

claims have been mooted by remediation.  Evidence in the record plausibly shows that ADA violations remain at the Golden China premises, including excessive slopes in the parking lot and sidewalk ramps as well as an insufficient wheelchair maneuvering clearance area near the entrance to the restaurant.  (Hansmeier Decl.; Pl.'s Ex. A-H [Doc Nos. 56-1 to 56-8].)  Additionally, the Court agrees with Smith that the issue of whether any remaining noncompliance is "readily achievable" does not bear on whether the claims asserted in the amended complaint have been mooted.  The argument that an architectural barrier may be excused because it cannot be remediated through readily achievable means is an affirmative defense under the ADA,[6] and "it is well-settled that a plaintiff need not plead around an affirmative defense in his complaint." *Muddy Pig*, 2015 WL 225231, at *3.  Accordingly, the Court finds a live case or controversy because it cannot conclude on this record that the claims asserted by Smith in his amended complaint have been definitively mooted by Golden China's remedial efforts.

### 2.  Facial Attack

Golden China additionally asserts a "facial attack" on subject matter jurisdiction and argues that Smith failed to show in his complaint that he was ever actually injured by

---

[6] As Smith points out, treating the "readily achievable" issue under the ADA as an affirmative defense also makes sense from a procedural standpoint.  For a plaintiff to plead facts sufficient to plausibly show that the sought-after relief is readily achievable, he would need access to information that is typically uniquely within the possession of the defendant.  For example, he would need to know when the place of public accommodation was built and when it was last modified to know whether the exception for remediation that is not "readily achievable" is applicable to the case. Additionally, in many cases the plaintiff would need to know something about the defendant's finances to determine what alterations, if any, would be readily achievable.  Such information would generally be obtainable only through fact discovery.

Golden China.  A defendant makes a facial challenge under Rule 12(b)(1) by asserting the plaintiff failed to sufficiently allege a basis for subject matter jurisdiction in his complaint.  *Branson Label*, 793 F.3d at 914. When responding to a facial challenge to subject matter jurisdiction, the court restricts its analysis to allegations contained in the pleadings and must construe facts in the light most favorable to plaintiff.  *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (explaining that a facial challenge to subject matter jurisdiction entitles the non-moving party to "the same protections as it would defending against a motion brought under Rule 12(b)(6)").

To demonstrate an injury-in-fact under the ADA, the plaintiff must show he actually encountered ADA violations which prevented him from fully and equally enjoying a place of public accommodation.  *See Steger*, 228 F.3d at 893.  Golden China argues the amended complaint does not "state with particularity" how Golden China's parking lot, ramp, or entry area prevented Smith from visiting the restaurant.  (Def.'s Mem. Supp. Second Mot. Dismiss at 18.)  Golden China further argues the amended complaint does not allege Smith visited the parking lot after Golden China made changes to it in response to the lawsuit. Thus, it contends, Smith fails to adequately plead that he actually encountered either the originally-pleaded or the newly-pleaded barriers asserted in the amended complaint, and he therefore lacks standing to sue for those barriers.

Smith counters that he personally encountered architectural barriers at Golden China which he recounted in his amended complaint.  More specifically, Smith alleges that he visited the Golden China restaurant on May 25, 2017, and encountered numerous architectural barriers in the parking lot. (Am. Compl. ¶¶ 12-14.)  Further, Smith alleges

12

he was deterred from entering the facility on account of those architectural barriers and that he is unable to return and patronize the restaurant while the architectural barriers remain in place. (Am. Compl. ¶¶ 21, 25.) Smith argues that under the Eighth Circuit's holding in *Steger,* 228 F.3d at 893-94, he need not personally encounter every architectural barrier on the Golden China premises to obtain standing to sue to remedy them; once he experienced one architectural barrier at the facility, he obtained standing to sue to remedy all architectural barriers at the facility, even those he did not personally encounter. Therefore, Smith contends, he did suffer an injury-in-fact when he visited Golden China, and there are additional ADA violations related to his disability that the Court may yet redress by a favorable decision.

The Court agrees that Smith has pled facts sufficient to demonstrate his standing to sue. A plaintiff need not state with particularity the circumstances giving rise to civil liability, unless the Federal Rules of Civil Procedure or an act of Congress call for heightened pleading standards. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). Further, to survive a facial attack under Rule 12(b)(1), the plaintiff need only have "plausibly alleged facts suggesting standing exists." *Muddy Pig*, 2015 WL 225231, at *2 (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)). In his complaint, Smith indicates he visited the Golden China restaurant on May 25, 2017, encountered architectural barriers in the parking lot, and was deterred from entering the restaurant. (Am. Compl. ¶¶ 12-21.) The complaint also plausibly alleges that Smith's injury is fairly traceable to Mr. Lam and Golden China, because they control the premises and have the obligation to ensure that the parking lot complies with the ADA

13

requirements.  (*Id.* ¶¶ 11-12.)  Lastly, there is a substantial likelihood the Court could redress Smith's injury by a favorable decision based on facts in the complaint that plausibly demonstrate architectural barriers remain on the Golden China premises.  (*Id.* ¶29.)  Therefore, Smith satisfies the injury-in-fact, traceability, and redressability requirements for standing.  *Spokeo*, 136 S. Ct. at 1547-48.

The Court additionally notes that, contrary to Golden China's assertion, Smith need not personally encounter all of the architectural barriers at Golden China in order to obtain standing to sue to remove them.  In *Steger,* the Eighth Circuit considered the issue of a plaintiff's standing to sue for discrimination under Title III of the ADA.  228 F.3d at 892-94.  In that case, Patrick Burch, a blind man, sued a business for numerous ADA violations at an office building in suburban St. Louis, and alleged he was discriminated against when he was prevented from locating the first floor restroom due to the absence of braille signage.  *Id.* at 892.  After the suit was filed, the business installed a braille sign at the first floor bathroom of the office building. The district court then dismissed Burch's claims on the ground that the claims had been mooted by the business's installation of the braille sign.  The Eighth Circuit reversed, however, finding that Burch's injury remained redressable, and he therefore still had standing to sue, because there were other restrooms in the building that also lacked braille signage and could impact blind persons.  In doing so, the court determined that an ADA plaintiff who suffered an injury-in-fact retains standing to sue even after the specific barrier encountered by the plaintiff was remediated, so long as other violations pertaining to that plaintiff's disability remained unaddressed by the defendant.  Here, Smith alleges he

14

experienced architectural barriers in the Golden China parking lot that could injure him based on his disability. Golden China asserts that, to the extent it could, it has remediated the specific accessibility issues that Smith experienced in the parking lot. However, Smith has plausibly alleged other architectural barriers that could injure him, and which a favorable order from the Court could redress. Therefore, Smith has standing to sue to remedy the additional violations alleged in his amended complaint even if he did not personally encounter them on his visit.

### C.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Golden China additionally asserts that Smith's amended complaint should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief may be granted. Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1949). To survive a 12(b)(6) motion then, a plaintiff need not include "detailed factual allegations" in the complaint but must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. Golden China argues the case should be dismissed under Rule 12(b)(6) because, in certain portions of the pleadings, Smith simply claims that aspects of the parking lot do not comply with ADA standards instead of alleging facts that would warrant relief. (*Id.* at 2-3.) For example, the complaint indicates that the parking lot ramp had a "rise greater than six inches" (*i.e.* the guideline requirement), "had running slopes steeper than 1:12" (also the guideline requirement), and that an area at the top of the ramp had "impermissible slopes." (Am. Compl. ¶ 17);

*see also,* ADA Accessibility Guideline 4.1.6(3)(a)(i).  According to Golden China, these allegations do not plausibly show ADA or MHRA violations; they merely recite the legal requirements that Smith alleges Golden China has violated.  Further, Golden China argues that the amended complaint fails to plausibly state a claim because it continues to allege "clearly erroneous or moot" points, and fails to specify how any proposed changes to the defendants' asphalt parking lot, ramp or concrete entry way are readily achievable.

The Court disagrees.  The amended complaint states a claim upon which relief may be granted. Smith links each of the barriers alleged with an injury inflicted on him on account of his disability.  For example, Smith asserts in the amended complaint that the parking lot has no accessible parking spaces complying with the ADA Accessibility Guidelines, which injures him because he requires accessible parking spaces to make safe transfers between his vehicle and wheelchair.  (Am. Compl. ¶ 29(a))   He also asserts that the ramp lacks handrails and edge protection, creating the risk of injury should his wheelchair roll off of the ramp run.  (Am. Compl. ¶ 29(l))  The complaint also avers that excessive slopes measured at various points in the parking lot make it dangerous for him to operate his wheelchair.  (Am. Compl. ¶¶ 29(d), 29(f), 29(h)-(i), 29(m)-(n).)  Further, these alleged facts include specific measurements indicating the degree to which the parking lot is out of compliance with the ADA slope requirements.  Thus, Smith's complaint includes allegations that are more than mere "threadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.  Although Golden China can point to portions of the amended complaint that make conclusory assertions, Smith adequately

pleads specific facts throughout the amended complaint to make out a plausible claim that gives Golden China notice of its alleged ADA violations.

In addition, the Court is not persuaded that the amended complaint fails to plausibly state a claim because it alleges "clearly erroneous or moot" points. When weighing a 12(b)(6) motion to dismiss, the Court must accept the facts asserted in the complaint as true and "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Determining whether the parking lot requires more than one accessible parking space, or whether alleged architectural barriers have been remediated, are issues of fact, because they would require the Court to draw conclusions about the metes and bounds of the parking lot and about its current condition. Accepting the plaintiff's factual allegations as true and limiting its analysis to the four corners of the complaint, as the Court must, the Court finds Smith has plausibly stated a claim for which relief may be granted.

Lastly, the Court does not find that Smith failed to state a claim for relief by not asserting facts to show that modifications to the parking lot would be readily achievable. As detailed above, the issue of whether or not architectural barriers can be remedied by readily achievable means is an affirmative defense to an ADA claim, not a required element of the private right of action under the ADA. Therefore, to adequately plead a claim under the ADA and survive a Rule 12(b)(6) motion to dismiss, a plaintiff need not plead facts showing that a modification is readily achievable.

17

D.     **Dismissal of MHRA Claims**

Golden China contends the MHRA claims in the amended complaint (¶¶ 35-53) should be dismissed for two reasons: because they are moot, and because Smith did not comply with the statute's pre-suit notice requirements.

Golden China first argues that Smith's MHRA claims should be dismissed because they have been mooted by Golden China's remedial efforts.   As already discussed, there are contrasting opinions from the parties' respective declarants regarding whether the parking lot at Golden China now complies with all applicable accessibility requirements and whether any areas of noncompliance are amenable to "readily achievable" means of remediation.   Therefore, dismissal at this stage would not be appropriate. *See Smith v. Geneva Properties LP*, No. 16-CV-2735 (JRT/KMM), 2016 WL 7404744, at *5 (D. Minn. Nov. 29, 2016), *report and recommendation adopted*, No. CV 16-2735 (JRT/KMM), 2016 WL 7404692 (D. Minn. Dec. 21, 2016).

The Court turns next to the issue of pre-suit notice.   With limited exceptions, a plaintiff represented by an attorney must give notice to the prospective defendant before filing suit under the MHRA to remedy architectural barriers at a place of public accommodation,.   Minn. Stat. § 363A.331, subd. 2(a).   The notice must be dated and must cite the law alleged to be violated, identify the particular architectural barriers that exist on the premises, specify where they are located, and provide a reasonable time for the alleged violator to respond, which may not be less than 60 days.   Minn. Stat. § 363A.331, subd. 2(a).   Furthermore, the notice may not include "a request or demand for money or an offer or agreement to accept money." Minn. Stat. 363A.331, subd. 2(b).

18

Smith asserts that he gave the statutorily required notice on June 8, 2017 in the form of a notice letter to Golden China, to which the original complaint in this case was attached. (Am. Compl. ¶ 28; Pl.'s Mem. Opp'n Second Mot. Dismiss at 20-22.)

Golden China contends this notice fell woefully short of the MHRA requirements. It argues the notice did not specify what architectural barriers existed on the premises or where they were located, but merely indicated that "the parking lot lacked adequate accessible parking." (Pl.'s Ex. B ¶ 2.) Further, Golden China asserts Smith did not provide it with a reasonable time to respond to the new allegations contained in the amended complaint, as required by Minn. Stat. 363A.331, subd. 2(a)(3), because Smith filed his amended complaint without providing notice of the newly alleged violations. Lastly, Golden China argues the June 8 notice did not comply with Minn. Stat. 363A.331, subd. 2(b), because it was accompanied by a complaint that demanded attorneys' fees, costs, and disbursements. Smith contends the demand in the attached federal complaint for attorney's fees and costs was made under the ADA, and thus did not constitute a demand for money in connection with the MHRA claims.

The Court finds the notice Smith provided to Golden China regarding accessibility issues in its parking lot did not comply with the MHRA pre-suit notice requirements. Assuming for the sake of argument that by attaching a federal ADA complaint containing specific allegations regarding architectural barriers, Smith sufficiently complied with the requirements of Minn. Stat. § 363A.331 subd. 2, that same attached complaint rendered the notice ineffective because it contained a demand for money. *Smith v. R.W.'s Bierstube,* No. 17-cv-1866, at *24 (D. Minn. Jan. 12, 2018). Particularly where Smith is

relying on that complaint to provide the specifics required by the statute, the Court does not find persuasive Smith's attempted distinction between the demand for money under the ADA contained in the complaint and a demand for money for purposes of Minn. Stat. § 363A.331, subd. 2(b).  Furthermore, the amended complaint contains additional alleged violations that were not included in the June 8 notice, including the original complaint attached thereto.  Therefore, the Court finds Smith failed to supply Golden China with effective notice under Minn. Stat. § 363A.331 subd. 2.

However, Smith's counsel raised a brand new argument at the hearing – that notice of his MHRA claims was not required in this case because his amended complaint fits within an exception to the pre-suit notice requirement.  Minnesota Statute § 363A.331, subd. 5(a)(3), provides that the pre-suit notice requirements do not apply to "a person who is challenging a finding contained in an audit prepared by a certified professional."  In this case, Smith's counsel argued, his claims challenge the findings in the accessibility audit conducted by Ms. Quarve-Peterson.  But Smith did not raise this argument in his brief or in the declarations he filed in opposition to Golden China's motion to dismiss.  Moreover, his amended complaint does not cite Minn. Stat. § 363A.331, subd. 5(a)(3), nor does it make any mention, directly or indirectly, of the report of Ms. Quarve-Peterson, let alone cite specific findings that Smith is "challenging."  On the contrary, it alleges only that "[n]otice of the architectural barriers at "Golden China" *as required under Minn. Stat. 363A.331, subd. 3*, was given on June 8, 2017." (Am. Compl. ¶ 28) (emphasis supplied).  In addition, it includes allegations of

violations for which there does not appear to be any corresponding "finding" in Ms. Quarve-Peterson's report.[7]

Under these circumstances, the Court recommends rejecting Smith's eleventh-hour attempt to raise an entirely new argument against dismissal of his MHRA claims that was neither pleaded in his amended complaint nor briefed in opposition to this motion. The Court does not venture an opinion on whether, properly pled and timely raised, Minn. Stat. § 363A.331, subd. 5(a)(3), would relieve Smith of the statutory pre-suit notice requirements with respect to some or all of his MHRA claims in this case. Accordingly, the Court recommends dismissal of Smith's MHRA claims on the ground that he failed to give Golden China effective pre-suit notice as required by Minn. Stat. § 363A.331 subd. 2.

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's amended complaint [Doc. No. 46] be **GRANTED IN PART** and that Smith's MHRA claims be **DISMISSED WITHOUT PREJUDICE,** and that the motion be **DENIED IN PART** as to all other claims**.**


Dated: March 8, 2018              _____s/ *Hildy Bowbeer*_____
                                                HILDY BOWBEER
                                                United States Magistrate Judge


---

[7] *Compare* (Am. Compl. ¶¶ 18-19, 29(g), 29(l)-(n)) (alleging impermissible curb ramp flares, inadequate maneuvering clearance near the front door, and the lack of handrails or edge protection along the route between the reserved parking space and the building entrance) *with* (Accessibility Review, Def.'s Ex. 2 at 12-13 [Doc. No. 22-1].)

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.