**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SCOTT SMITH,<br><br>                      Plaintiff,<br><br>v.<br><br>GOLDEN CHINA OF RED WING, INC.,<br>and VU THU LAM,<br><br>                      Defendants. | Civil No. 17-1862 (JRT/HB)<br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

Padraigin Browne, **BROWNE LAW LLC**, 8530 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for plaintiff.

Edward P. Sheu and John A. Sullivan, **BEST & FLANAGAN LLP**, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402, for defendants.

Plaintiff Scott Smith brought this discrimination action alleging violations of the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") based on architectural barriers on the premises of Defendant Golden China of Red Wing, Inc., owned by named Defendant Vu Thu Lam[1] (collectively, "Golden China"). United States Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R") that Golden China's Motion to Dismiss be granted with respect to Smith's MHRA claim but otherwise denied. Golden China objects. Although Golden China has

---

[1] Lam changed his name to George in 2002 when he became a United States citizen. (Decl. of George Lam ¶ 1, Oct. 12, 2017, Docket No. 24.)

remediated the parking-space violations, its argument that remediation of the remaining violations is not readily achievable does not justify dismissal. As such, the Court will overrule Golden China's objections, adopt the R&R, and grant in part and deny in part the Motion to Dismiss.

## BACKGROUND

Scott Smith, a Burnsville resident, suffers from arthrogryposis and uses a wheelchair for mobility. (Compl. ¶¶ 8-9, June 2, 2017, Docket No. 1.) Golden China, a Red Wing restaurant, has been owned and operated by George Lam since 1995. (*Id.* ¶¶ 10, 11; Decl. of George Lam ¶ 2, Oct. 12, 2017, Docket No. 24.)

Smith brought this action against Golden China on June 2, 2017, alleging unlawful discrimination in violation of the ADA and MHRA. (*See generally* Compl.) Specifically, Smith alleged that the sole parking space reserved for patrons with disabilities was noncompliant with ADA requirements because its signage was not high enough above the ground, the space was not marked to define its width, the space lacked an adjacent access aisle, and the space was not located on an accessible route into the restaurant. (Compl. ¶ 24.) Smith also alleged that Golden China must provide a second accessible parking space. (*Id.* ¶¶ 13-14.) Finally, Smith alleged that the ramp in the parking lot does not comply with the ADA because its slope is too steep and the maneuverable landing too small. (*Id.* ¶ 24.)

Golden China moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that modifications to the parking lot mooted Smith's claims. (1st Mot. to Dismiss,

Oct. 12, 2017, Docket No. 19.) Smith then filed an Amended Complaint that incorporates measurements taken during a second site inspection and adds an additional claim alleging violations of the MHRA. (Am. Compl. ¶¶ 44-53, Oct. 31, 2017, Docket No. 42.) Golden China filed a second Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). (2d Mot. to Dismiss, Nov. 17, 2017, Docket No. 46.)

After a hearing, the Magistrate Judge issued an R&R on the second motion, recommending dismissal of Smith's MHRA claim but not his ADA claim. (R&R, Mar. 8, 2018, Docket No. 72.) Golden China timely objected, arguing that it remediated the parking-space violations and that it is not required to fix the remaining barriers. (Objs., Mar. 22, 2018, Docket No. 73.) Golden China also contends that the Eighth Circuit's March 29 decision in *Davis v. Anthony, Inc.*, 886 F.3d 674 (8th Cir. 2018), is superseding authority that bars standing. (*See* Defs.' Notice, Apr. 9, 2018, Docket No. 75.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file a "specific written objection to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3).

## II. RULE 12(B)(1)

Golden China asserts that this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is moot. Specifically, Golden China argues that it has remediated the parking-space violations and that remediation of the remaining violations is not readily achievable. Golden China also submits supplemental authority to renew its argument that Smith lacks standing for violations he did not personally encounter.

### A. Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). In deciding a motion under Rule 12(b)(1), the Court must first distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914-15 (8th Cir. 2015) (quoting *Osborn v. United States*, 918 F.2d 724, 731 n.6 (8th Cir. 1990)). In a facial attack, the court reviews only the face of the pleadings and the nonmoving party receives the same protections as it would defending against a Rule 12(b)(6) motion. *Id.* By contrast, in a factual attack the court may consider matters outside the pleadings and the nonmoving party does not "enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.*

For a court to have subject matter jurisdiction, a claim must involve an actual case or controversy. U.S. Const. Art. III, § 2. A plaintiff has standing to sue when the plaintiff (1) suffered a "concrete and particularized" injury; (2) the injury must be "fairly traceable"

to the defendant's actions; and (3) the injury is "likely to be redressed by a favorable decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). However, a case may become moot if a party no longer has "a personal stake in the outcome of the controversy." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Voluntary cession of a challenged practice may deprive a court of jurisdiction if the party asserting mootness carries the "heavy burden" of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

### B. Factual attacks

Golden China renews three factual attacks against Smith's claims. First, it objects that the Magistrate Judge erred by implying that the question whether it must provide a second accessible parking space is one for trial. Second, it objects that the Magistrate Judge erred by failing to recognize that it has remedied the parking-space violations. Finally, it objects that the Magistrate Judge erred by concluding that the question whether additional modifications are readily achievable does not bear on mootness.

#### 1. Number of Spaces

The Magistrate Judge observed that Golden China asserts that there are only 20 parking spaces in the lot, necessitating one accessible space, while Smith asserts that there are 75, necessitating two. (R&R at 6 n.1). The ADA requires a minimum number of accessible parking spaces based on the "[t]otal number of parking spaces provided in [a]

parking facility." ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), 36 C.F.R. pt. 1191 app. B, § 208 tbl. 208.2 (2017) (requiring one accessible space in a facility with 1 to 25 total spaces and three in a facility with 51 to 75). Golden China has submitted evidence showing that the back portion of its property is unmarked gravel signed "no trespassing," that the area behind the restaurant is marked "no parking," and that only 20 spaces alongside the restaurant are marked. (1st Decl. of Julee Quarve-Peterson at ¶ 5, Oct. 12, 2017, Docket No. 22; 1st Decl. of Julee Quarve-Peterson at ¶ 4, Ex. 2 at 7-8, 14.) Smith's Amended Complaint maintains his allegation that there is room for 75 spaces, but the Court does not have to accept the facts pleaded as true in a 12(b)(1) factual attack and Smith has provided no specific facts in support of this allegation. (Am. Compl. ¶¶ 13, 29.) Because it cannot be said that Golden China has "provided" parking spaces in areas marked "no parking" or "no trespassing," the Court finds that it is required to provide only one accessible space.

### 2. Modifications

The Magistrate Judge noted that Golden China has submitted evidence that it has repaired the accessible parking sign to stand more than 60 inches off the ground and repainted the parking lot to properly define the width of the accessible parking space and access aisle. (*See* R&R at 6-7.) Smith's Amended Complaint acknowledges these modifications. (*See* Am. Compl. ¶¶ 22, 29.) As such, the Court finds that Golden China has met its burden of showing that the parking-space violations could not reasonably be expected to recur.

### 3. Remaining Violations

The Magistrate Judge concluded that the question whether remediation of the remaining violations is readily achievable does not bear on mootness. Under the ADA, facilities constructed prior to January 26, 1993, and unmodified thereafter are considered existing facilities and are only required to remove barriers "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Wong v. Muddy Pig, Inc.*, No. 14-3334, 2015 WL 225231, at *3 (D. Minn. Jan. 16, 2015). But "achievability is an affirmative defense." *Muddy Pig*, 2015 WL 225231 at *3 (collecting cases). Golden China concedes that an affirmative defense may only support a 12(b)(1) facial attack or 12(b)(6) motion to dismiss when it is apparent from the face of the complaint, *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009), but argues without citation to authority that a 12(b)(1) factual challenge to mootness is different. Even if so, there is not enough evidence in the record for the Court to resolve this issue in Golden China's favor. True, its expert testifies by affidavit that the parking-lot slopes are compliant for an existing facility – but the record does not contain "absolutely clear" evidence that the parking lot qualifies as such a facility. (*See* R&R at 8 n.5.) Golden China may submit such evidence and move for judgment on the pleadings or for summary judgment, *see Osborn*, 918 F.2d at 730 n.5, but its Motion to Dismiss on this ground must be denied.

### C. Facial attack

Golden China filed a notice of supplemental authority arguing that the Eighth Circuit's decision in *Davis v. Anthony, Inc.*, narrowed *Steger* such that the R&R's

conclusions no longer apply. In *Steger*, the Eighth Circuit held that a plaintiff seeking redress under the ADA does not need to have personally encountered every architectural barrier on a property to have standing to seek relief for violations that would affect them. 228 F.3d at 893-94. Applying *Steger*, the Magistrate Judge concluded that – although Golden China's parking-space violations have been remedied – Smith has standing to bring suit for other violations pertaining to his disability. (*See* R&R at 14-15.) Then, in *Davis*, the Eighth Circuit stated that *Steger* "expands standing only when the plaintiff encounters a violation in a building" and held that a plaintiff "cannot use the violation encountered in [a] parking space to expand her standing to sue for unencountered violations inside the [building] that never injured her." 886 F.3d at 678 (distinguishing the ADA's treatment of parking spaces and buildings). Golden China now renews its argument that Smith does not have standing to bring claims for the remaining barriers because he did not personally encounter them.[2]

Neither *Davis* nor *Steger* is directly on point because both cases deal with a plaintiff's standing to bring claims for unencountered architectural barriers located inside a building. By contrast, Smith brings claims only for barriers located in a parking facility. As such, *Davis* does not foreclose the possibility of standing. It is less certain whether *Steger* confers it directly – but its underlying logic applies. It "not only would be inefficient, but impractical" to require numerous plaintiffs, "each injured by a different

---

[2] The plaintiff in *Davis* also argued against mootness based on violations of the ADAAG that were not mentioned in the complaint. 886 F.3d at 677. Smith did not make the same error, however; the remaining violations were sufficiently alleged in the complaint.

barrier," to bring suit as to each barrier in a parking facility "until all barriers had been removed." *Steger*, 228 F.3d at 894. The Court reads *Steger*, together with *Davis*, to stand for the proposition that a plaintiff who encounters a barrier in a certain facility – whether inside a building or outside in a parking facility – has standing to bring claims for unencountered violations in that same facility. *See Dalton v. Simonson Station Stores, Inc.*, No. 17-4427, 2018 WL 2338807, at *4-5 (D. Minn. May 23, 2018). Here, because Smith encountered certain barriers in Golden China's parking facility, the Court concludes that Smith has standing to bring the claims for other architectural barriers in the same facility.

### III. RULE 12(B)(6)

Golden China also renews its argument that Smith's Amended Complaint fails to allege his claims with sufficient specificity and fails to plausibly allege that remediation of the remaining violations is readily achievable.

#### A. Standard of Review

Under a 12(b)(6) motion the court must consider all facts alleged in plaintiff's complaint as true to determine whether the complaint states a claim that is plausible on its face. *Braden*, 588 F.3d at 594; *Ashcroft v. Iqbal*, 559 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff."

*Muddy Pig*, 2015 WL 225231 at *3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007)).

### B.  Plausibility

Golden China asserts that Smith must plausibly allege that removal of the remaining architectural barriers is readily achievable to survive its Motion to Dismiss. Because achievability is an affirmative defense, the Court disagrees. "It is well-settled that a plaintiff need not plead around an affirmative defense in his complaint." *Muddy Pig*, 2015 WL 225231 at *3 (citing *Braden*, 588 F.3d at 601 n.10).[3] At this stage, Smith merely needs to plausibly allege that an ADA violation exists, not that remediation of the violation is readily achievable.

Golden China also asserts that Smith fails to allege a violation with sufficient specificity. It is true that portions of Smith's Complaint recite the ADA's requirements and make conclusory statements about violations of them. However, his Complaint also specifies how the alleged architectural barriers harm Smith by causing a risk of injury, and his Amended Complaint includes specific measurements in support of his claim. The Court finds that these statements and facts are specific enough to make out a plausible claim that ADA violations remain in Golden China's parking facility.

---

[3] (*See also* Pl.'s Notice, Ex. A (*Smith v. Bradley Pizza, Inc.*, No. 17-2032 (D. Minn. May 14, 2018)), May 14, 2018, Docket No. 77.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' Objections [Docket No. 73] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 72] to the extent it is consistent with this Opinion. Accordingly, **IT IS HEREBY ORDERED** that Defendants' 2d Motion to Dismiss [Docket No. 46] is **GRANTED in part** with respect to Plaintiff's MHRA claim, which is **DISMISSED without prejudice**, and **DENIED in part** with respect to Plaintiff's ADA claim.

DATED: July 5, 2018                            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                         Chief Judge
                                           United States District Court