# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH,<br><br>                         Plaintiff,<br><br>v.<br><br>GOLDEN CHINA OF RED WING, INC., *and* VU THU LAM,<br><br>                         Defendants. | Civil No. 17-1862 (JRT/HB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORENYS' FEES** |

Padraigin L. Browne, **BROWNE LAW LLC**, 8530 Eagle Point Boulevard, Suite 100, Lake Elmo, Minnesota 55042, for plaintiff.

Edward P. Sheu, Brian J. Linnerooth, **BEST & FLANAGAN LLP**, 60 South Sixth Street, Suite 2700, Minneapolis, Minnesota 55402, for defendants.

Plaintiff Scott Smith ("Smith") brough this action against Golden China of Red Wing, Inc. ("Golden China") and Vu Thu Lam ("Lam") under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., alleging that he encountered barriers at a Chinese food restaurant in Red Wing operated by defendants. The Court granted Defendants' Motion for Summary Judgment, having determined that Smith failed to show that bringing the restaurant's parking lot into ADA compliance is readily achievable. (Sealed Mem. Op. & Order, July. 22, 2019, Docket No. 125.)

This matter is before the Court on Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses. (Aug. 6, 2019, Docket No. 128.) For the reasons below, the Court will deny Defendants' Motion.

## DISCUSSION

Defendants argue they are entitled to attorneys' fees under four different theories: (1) the fee-shifting provision of the ADA, 42 U.S.C. § 12205; (2) the recoverable-costs provision of Rule 68(d); (3) as a sanction under Rule 11; and (4) the unreasonable-and-vexatious litigation provision of 28 U.S.C. § 1927.

### I.     42 U.S.C. § 12205

Section 12205, the fee-shifting provision of the ADA, provides that the Court may, in its discretion, "allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." Smith argues the Court's discretion is limited by *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), in which the Supreme Court concluded that courts could not award attorneys' fees under the fee-shifting provision of Title VII of the Civil Rights Act of 1964 "unless [it] founds that [the] claim was frivolous, unreasonable, or groundless, or that [plaintiff] continued to litigate after it clearly became so." 434 U.S. at 422. Defendants' argue that the *Christianburg* standard does not apply in this case but, even if it did, that the test is met here.

Although the Eighth Circuit has yet to apply *Christianburg* to ADA claims, "every [other] circuit court to have addressed the issue has applied the *Christianburg* standard to defendants' requests for attorney's fees under § 12205." *Smith v. RW's Bierstube, Inc. et al.*, No. 17-CV1866, 2019 WL 6464142 at *2 (D. Minn. Dec. 12, 2019) (collecting cases). Given the weight of that persuasive authority, and the similarity of the Title VII provision

to the one found in the ADA, the Court concludes *Christianburg* does apply to fee shifting under § 12205.

Although the Court is troubled by some tactics employed by Plaintiff, it cannot find that the claim was "frivolous, unreasonable, or groundless" or that Plaintiff "continued to litigate after it became so." *Christianburg*, 434 U.S. at 422. Defendants argue that the Court's order granting summary judgment against Plaintiff on the ground that bringing the restaurant parking lot into ADA compliance is not "readily achievable" within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv), and what Defendants' characterize as Plaintiff's repeated failure to assess whether ADA claims he brings meet the readily achievable standard, give the Court license to find Smith's case frivolous. However, Defendants provide no authority to support the argument that such a burden exists when bringing ADA claims. Because the readily achievable standard is necessarily a fact-intensive inquiry the Court cannot conclude that this case meets the *Christianburg* standard, and therefore declines to award attorneys' fees on this basis.

## II. RULE 68

On August 3, 2017, Defendants offered to settle for "$850, which includes all costs and attorneys' fees, and remediation of the alleged ADA violations identifed [sic] in Plaintiff's complaint." (Sixth Decl. of Edward P. Sheu (6th Scheu Decl.) ¶3, Ex. 1, Aug. 29, 2019, Docket No. 143.) Counsel for Plaintiff did not respond to the offer. (*Id.*) The offer stated that "if this offer is not accepted and Plaintiff receives less than the amount of

this offer, Defendant[s] will seek to recover all taxable costs and allowable attorneys' fees," pursuant to Rule 68. (*Id.*)

Rule 68 provides that, after receiving an offer to settle, "[i]f the judgment that the [plaintiff] finally obtains is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Defendants' argue that they made a qualifying offer and, therefore, may recover attorneys' fees as part of the "costs" recoverable under Rule 68. Defendants misapprehend Rule 68. The fee-shifting provision of the rule only applies if the **plaintiff** prevails but receives a judgment that is less favorable than the settlement offer. *See, e.g.*, *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff.").[1] Because Smith did not obtain a judgment, the Court cannot award Defendant's proposed costs under Rule 68.[2]

---

[1] Defendants rely on *Pittari v. American Eagle Airlines, Inc.*, 468 F.3d 1056 (8th Cir 2006), in which the Eighth Circuit, after reversing the district court's decision in favor of Pittari, stated that American Eagle was "entitled to its post-offer costs pursuant to Rule 68." *Id.* at 1064. That decision conflicts with the Supreme Court's holding in *August* and, therefore, cannot be the basis of an award in this case. *Cf. Pittari v. Am. Eagle Airlines*, 243 F.R.D. 317, 318 & n.6 (W.D. Ark. 2007) (declining, after remand from the Eighth Circuit, to award costs under Rule 68, citing *August*).

[2] Because Rule 68 is inapplicable to this case, the Court need not decide whether the "costs" contemplated by Rule 68 include attorneys' fees and, therefore, declines to do so.

## III. RULE 11

As discussed above, the Court cannot conclude that Plaintiff's case was frivolous. Therefore, the Court will not order sanctions under Rule 11 because it cannot conclude that counsel violated Rule 11(b).[3]

## IV. 28 U.S.C. § 1927

Finally, Defendants argue that the Court should award fees pursuant to 28 U.S.C. § 1927, which states that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be reasonable for costs, including attorneys' fees, that are reasonably incurred because of that attorney's behavior. Because § 1927 "is penal in nature, it should be strictly construed . . . ." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). Because the Court cannot conclude the case was frivolous and likewise cannot say that counsel "unreasonably and vexatiously" multiplied the proceedings, it will decline to award sanctions under § 1927.

---

[3] Rule 11 constrains the Court from awarding money damages against a represented party for violating the provision of the rule that requires "claims, defense, and other legal contentions" to be "warranted by existing law" or "a nonfrivolous argument for extending, modifying, or reversing existing law . . . ."

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Attorneys' Fees and Non-Taxable Costs [Docket No. 128] is **DENIED**.

DATED: January 13, 2020  
at Minneapolis, Minnesota.

_____ /s/ John R. Tunheim _____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court